IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

03 AUG 28 PM 2:23

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN WILSON,

     Plaintiff,

v.

CRST FLATBED, INC.,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
02-AR-1915-S

ENTERED

AUG 2 8 2003

## MEMORANDUM OPINION

Before the court is the motion to dismiss and for other sanctions filed by defendant, CRST Flatbed, Inc. ("CRST"). *Pro se* plaintiff, John Wilson ("Wilson"), brings this action against CRST alleging race and age discrimination pursuant to 42 U.S.C. § 1981 and the Alabama Age Discrimination in Employment Act, respectively. In its motion, CRST alleges that Wilson fabricated part of his deposition testimony and offered a witness cash to corroborate the allegedly false testimony. No response to the motion was filed by Wilson, but Wilson did appear at the August 22, 2003 hearing on the motion. A court reporter was present.

On June 24, 2003, after Wilson's counsel withdrew, the court ordered Wilson either to obtain new counsel within a month or thereafter to appear *pro se*. No attorney has since appeared for Wilson. On August 22, 2003, Wilson orally requested more time to find an attorney, whereupon the court asked him to describe the efforts he had taken in the preceding two months to obtain

1

counsel.  He told the court, "Sir, I have been actively pursuing the obtaining of legal counsel."  In order to evaluate his effort, the court asked Wilson, before leaving the courtroom, to provide the names of all the attorneys he had contacted.  In response, Wilson provided the court with a form letter, attached hereto as Exhibit "A," dated July 6, 2003 and stating, *inter alia*: ***"FIND ANOTHER ATTORNEY TO REPRESENT YOU IMMEDIATELY."*** (emphasis original).  This letter listed the names and telephone numbers of seven attorneys.  Wilson did not describe the kind of contact he had had with any of the seven.  Instead, on the back of the letter Wilson simply wrote: "Contacted people listed below & on front.  Bill Thomason, Attorney Miller."  Wilson presented nothing else to explain or to justify his failure to obtain counsel during the two-month period between the court order and the hearing on defendant's motion to dismiss and for sanctions. The court's law clerk has telephoned the seven lawyers reflected in Exhibit "A" to see if any of them remembers a conversation with Wilson about this case.  The numbers for two of the attorneys were not even working numbers.  Another attorney had no record or recollection of Wilson contacting his office.

Rule 41(b), F.R.Civ.P., allows for the involuntary dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  This court ordered Wilson to obtain counsel within a specific time frame or

to proceed *pro se* with the action he filed.

Over two months after his attorney, for good cause, withdrew, Wilson did nothing in response to a serious motion except to seek further delay.  Appearing *pro se*, he told the court that he tried hard to find an attorney.  He asserted that despite his proactive conduct he had been unable to get a lawyer to take his case.  The evidence proves otherwise.  The court can see why any lawyer would be reluctant to undertake Wilson's representation.  Making the affirmative representations to the court is deliberately dilatory if not contumacious.  Even the specter of a pending motion to dismiss and for sanctions based upon an allegation of perjury, did not get Wilson's attention.  Instead of confronting the ominous issues presented by CRST's motion, Wilson did no more than to ask for more time.  This court had already made clear to Wilson that he is required to proceed *pro se* and to perform in accordance with the rules that would bind a lawyer.  He willfully ignored the June 24, 2003 order, which ordered him to proceed with the prosecution of his own case.  That obligation included the responsibility to answer CRST's motion to dismiss.

The motion to dismiss is due to be granted, not because of Wilson's probable perjury and perpetrating of a fraud on the court, but because he has not met even the relaxed standards of performance required of a *pro se* litigant.  The other sanctions

3

sought by CRST are unnecessary.  Because Wilson has already
ignored an order to proceed, no lesser sanction than dismissal
will suffice.

The court, by separate order, will grant in part and deny in
part defendant's motion to dismiss and for other sanctions.

DONE this __28__$^{r}$ day of August, 2003.

WILLIAM M. ACKER, ~~SR~~.
UNITED STATES DISTRICT JUDGE

4

# Exhibit A

THE ROBINSON LAW FIRM, P. C.
SIXTH AVENUE-COURT STREET WEST
POST OFFICE BOX 370
ASHVILLE, ALABAMA  35953

CHARLES E. ROBINSON, JR.                                    TELEPHONE: (205) 594-5133
ALEXANDER M. WEISSKOPF                                      FACSIMILE: (205) 594-5134

Sunday, July 06, 2003

**_RE: Client of Marvin Lew Stewart, Jr. & The Stewart Law Group, PC._**

Marvin Lee Stewart, Jr. has been suspended from the practice of law by the Alabama State Bar and Mr. Stewart and The Stewart Law Group, PC can NO LONGER REPRESENT YOU.  Myself and James Garrett, Esq. have been appointed as trustees for Mr. Stewart and his clients _in order to notify you to_ ***FIND ANOTHER ATTORNEY TO REPRESENT YOU IMMEDIATELY.   Failure to obtain new counsel immediately may result in your claims being dismissed or the time in which to file your claim passing.***

As trustees we are ***NOT*** your new attorneys but are here to try and help you get your file returned to you, or your new attorney, and to notify you to hire another attorney.

If you believe Mr. Stewart owes you money, we recommend you contact the Alabama State Bar at 1-800-354-6154 and tell them you need to make a claim with the "Client Security Fund" regarding Mr. Stewart.

If you have hired another attorney, please contact Jim Garrett at **(205) 251-8006 or** myself at the above number as soon as possible to tell us who your new attorney is and so we can release your file and update our records.  If you do not have a new attorney and need an attorney with some experience with discrimination or civil rights claims you can call the Birmingham Bar or one of the following attorneys in the Birmingham area:

Bernard Nomberg, Esq (205) 939-930-6900        Adam Porter, Esq. (205) 322-8999
Vivian Vines Campbell, Esq. (205) 328-9576     David Arendail, Esq. (205) 252-1550
Rick Meelheim, Esq. (205) 252-2500             Jim Mendelsohn, Esq. (205) 939-0000
Jeff Bennett, Esq. (205) 970-0813

We make no representation that any of these attorneys will take your case, or the quality of the attorney, but only that they have a reputation for handling cases involving civil rights or discrimination law.

Sincerely,

**ALEXANDER M. WEISSKOPF**

AMW/tp

CC: Honorable James Garrett, Retired Circuit Judge

contacked people lysled below dan
Bill Thomason          front.
Attorney MILLER